UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **KEZIAH LEWIS** | **CASE NO.  6:25-CV-00198** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **HUNTER WARFIELD INC** | **MAGISTRATE JUDGE DAVID J. AYO** |

### REPORT AND RECOMMENDATION

Before this Court is DEFENDANT HUNTER WARFIELD, INC.'S MOTION TO DISMISS. (Rec. Doc. 9).  Plaintiff Keziah Lewis filed an opposition (Rec. Doc. 11), and Hunter Warfield filed a reply (Rec. Doc. 14).  The undersigned issues the following report and recommendation pursuant to 28 U.S.C. § 636.  Considering the evidence, the law, and the parties' arguments, and for the reasons explained below, this Court recommends that instant motion be GRANTED and that Lewis' claims against Hunter Warfield be DISMISSED WITH PREJUDICE.

### Factual Background

According to the complaint, Lewis reviewed her credit report on March 7, 2024, and noticed a tradeline entry from Hunter Warfield to collect a debt from "Pearl Woodlake" for $2,025.00 that was reported as disputed. (Rec. Doc. 1 at ¶6).  On March 8, 2024, Lewis sent correspondence by certified mail to Hunter Warfield "stating that she no longer disputes the subject debt and requested that the remark suggesting the debt is being disputed be removed from her consumer credit report" with such correspondence being received on March 18, 2024. (*Id.* at ¶7).  On April 8, 2024, she again reviewed her credit report and saw that the tradeline was still reported as being disputed.  (*Id.* at ¶8).  She alleges violations of the Fair Debt Collection Practices Act (FDCPA), specifically, 15 U.S.C. §§ 1692e(8) and 1692e(2)(A), and alleges that she suffered damages such as "decreased and inaccurate FICO score reporting,

which has caused Plaintiff [to] be ineligible for conventional mortgage financing, anger, anxiety, intrusion upon seclusion, decreased ability to focus on task while at work, frustration, amongst other negative emotions." (*Id.* at ¶9). The instant motion followed. (Rec. Doc. 9).

## **Applicable Standards**

When considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. Rule 12(b)(6), a district court must limit itself to the contents of the pleadings, including any attachments thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). The court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). However, conclusory allegations and unwarranted deductions of fact are not accepted as true, *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974)); *Collins v. Morgan Stanley*, 224 F.3d at 498. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*, 127 U.S. at 570. The allegations must be sufficient "to raise a right to relief above the speculative level," and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)). "While a complaint . . . does not

need *detailed* factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations, quotation marks, and brackets omitted; emphasis added). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the plaintiff fails to allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Bell Atl.*, 127 U.S. at 570.

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678. "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Bell Atl.*, 127 U.S. at 556). *See also In Re Southern Scrap,* 541 F.3d 584, 587 (5th Cir. 2008).

Ordinarily, in ruling on a Rule 12(b)(6) motion, the Court is limited to the allegations of the complaint and any exhibits attached thereto; however, the court may also consider documents attached to the defendant's motion if they are referenced in the complaint and central to the plaintiff's claims. *In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205 (5th Cir. 2007). The Court is also permitted to take judicial notice of public records as well as facts which are not subject to reasonable dispute in that they are either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *Funk v. Stryker Corp.,* 631 F.3d 777, 783 (5th Cir. 2011).

## Analysis

15 U.S.C. § 1692e prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." The subsections list certain types of violating conduct, two of which are alleged here. Under 15 U.S.C. § 1692e(8), a debt collector violates the FDCPA by "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." Here, Lewis alleges the opposite, *i.e.*, that Hunter Warfield "falsely reported and continued to report to the major credit bureaus that Plaintiff disputed a consumer debt owed." (Rec. Doc. 1 at ¶14). Under 15 U.S.C. § 1692e(2)(A), a debt collector violates the FDCPA if it makes the "false representation of . . . the character, amount, or legal status of any debt. . . ." Lewis alleges that the same conduct—reporting that the debt was disputed—also violates Section 1692e(2)(A). (*Id.* at ¶22).

Hunter Warfield moves to dismiss under Rule 12(b)(6), contending that the failure to mark Lewis' debt as undisputed—which she had disputed earlier—does not violate the FDCPA on three grounds: (1) reporting the dispute status of a debt is not a communication "in connection with the collection of any debt" under 15 U.S.C. § 1692e, (2) the communication at issue is not materially misleading, and (3) a 2025 decision from the Eastern District of Michigan, *Mims v. LVNV Funding, LLC*, 2025 WL 747858 (E.D. Mich. Mar. 7, 2025), addressed the very issue presented here.

The facts in *Mims* are very similar to those presented here. In that case, Mims alleged that she had reviewed her credit report, discovered a tradeline indicating the debt was disputed, and very shortly thereafter sent a letter to LVNV stating that she no longer disputed the debt. LVNV allegedly failed to notify the credit bureaus that the debt was no longer disputed in violation of Section 1692e(8). After citing the pertinent Sixth Circuit

authority, the court found that the dispute notation was not a demand for payment and was not a direct communication between LVNV and Mims that might induce her to pay. For those reasons, no violation of Section 1692e(8) was found and LVNV's motion to dismiss was granted.

Lewis' opposition is largely conclusory and does not respond to most of Hunter Warfield's arguments. (Rec. Doc. 11). She does not cite or distinguish *Mims*[1] but rather relies heavily on the Middle District of Alabama's decision in *Towles v. E. Acct. Sys. of Conn., Inc.*, 2023 WL 172023 (M.D. Ala. Jan. 12, 2023), a case cited and distinguished in *Mims*. The issue was before the court in *Towles* on the plaintiff's motion for default judgment. The court noted that the complaint had alleged that "EASC falsely reported and continued to report to TransUnion that Towles disputed a consumer debt owed to WOW Cable even after Towles had informed EASC that he no longer disputed the debt." 2023 WL 172023, at *4. However, "[d]ue to EASC's failure to plead or otherwise contest these allegations, these allegations are assumed as true." *Id*.

In its reply, Hunter Warfield disputes the applicability of *Towles* and asserts that *Towles* has been found unpersuasive by other courts. (Rec. Doc. 12 at 3-4). One was the *Mims* court, which refused to apply *Towles* and a Georgia case[2] because those courts "seemed to have assumed that, or glossed over the issue of whether, the notations were made in connection with a debt without considering whether, in fact, their 'animating purpose' was to 'induce payment by the debtor.'" *Mims*, 2025 WL 747858, at *3. To reinforce its point, *Mims*

---

[1] Since Lewis does not acknowledge *Mims*, she does not demonstrate that the authority from the Fifth Circuit would result in a different conclusion than the one made in *Mims* under Sixth Circuit authority.
[2] The court in *Sanchez v. LVNV Funding, LLC*, 2023 WL 4401621 (N.D. Ga. May 30, 2023), cited *Towles* as an example of a case in that circuit finding that continued reporting of a debt as disputed violated Sections 1692e(2)(A) and (8).

noted that "[r]eporting a debt without a 'dispute marker,' when the debt in fact *is* disputed, violates § 1692e." *Id.* (emphasis in original).

This Court agrees that the conclusion in *Mims* is more persuasive than the conclusion in *Towles*. *Mims* is the only case to cite *Towles* outside the Eleventh Circuit. *Towles* did not address the arguments Hunter Warfield makes here—and did not have to since the defendant failed to respond—that reporting the dispute status of a debt is not a communication in connection with a debt much less that, assuming a communication had been made, it was materially misleading. Lewis does not allege that the notation of the debt as disputed was incorrect at the time it was placed on her credit report; rather, she alleges that she advised Hunter Warfield that she "**no longer** disputes the subject debt. . . ." (Rec. Doc. 1 at ¶7) (emphasis added). Therefore, her credit report would have been accurate in noting the debt as disputed when she reviewed it on March 7, 2024. (*Id.* at ¶6). As stated in *Mims*, "To conclude that a 'dispute' notation on a credit line, when the debtor in fact does not dispute a debt, constitutes a communication to induce payment would result in a 'bizarre or idiosyncratic interpretation.'" 2025 WL 747858, at *3. The Fifth Circuit has expressed reluctance with such interpretations, albeit under different circumstances. *See generally Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1236 (5th Cir. 1997) (noting that the "least sophisticated consumer" standard "serves the dual purpose of protecting all consumers, including the inexperienced, the untrained and the credulous, from deceptive debt collection practices and protecting debt collectors against liability for bizarre or idiosyncratic consumer interpretations of collection materials."). Hunter Warfield's alleged failure to change the notation from disputed to undisputed as promptly as Lewis would have

liked[3] cannot be construed as a "false, deceptive, or misleading representation or means in connection with the collection of any debt" as proscribed by Section 1692e.

### Conclusion

For the reasons discussed herein, this Court recommends that DEFENDANT HUNTER WARFIELD, INC.'S MOTION TO DISMISS (Rec. Doc. 9) be GRANTED and that all claims asserted by Plaintiff Keziah Lewis be DISMISSED WITH PREJUDICE. The Court further recommends that leave of court to file an amended complaint be DENIED AS FUTILE. The opposition cites no additional facts that Lewis could plead that would result in a different conclusion.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.

**THUS DONE** in Chambers, Lafayette, Louisiana, on this 31st day of December, 2025.

_____
David J. Ayo
United States Magistrate Judge

---

[3] Lewis alleges that sent a letter to Hunter Warfield by certified mail on March 8, 2024, that Hunter Warfield received it on March 18, 2024, and that she reviewed her credit report again on April 8, 2024.